IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HARVEY N. CHEVALIER, #1272591 | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv529 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Petitioner Harvey N. Chevalier, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Failure to Prosecute

On February 21, 2008, the Court mailed a copy of an order granting the Director's motion for an extension of time to the Petitioner's last known address, which was the Wynne Unit.  The letter was returned with the notation "Return to Sender- Not Deliverable as Addressed-Unable to Forward."  On February 22, 2008, the Court mailed a copy of a consent order to the Petitioner's last known address.  This letter was returned as well.  As of today, the Petitioner has not provided the Court with a new address.  He has failed to prosecute this case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused.  *Green v. Forney Engineering Co.*, 589 F.2d 243 (5th Cir. 1979);  *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).  Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases.  *Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir. 1980).  The present case should be dismissed for failure to prosecute.

Facts of the Case

Even though the case should be dismissed for failure to prosecute, the Court feels compelled to discuss the merits of the case.  The Petitioner is in custody pursuant to a Smith County conviction for felony driving while intoxicated.  On September 2, 2004, he was sentenced to life imprisonment.  It is noted that the offense was enhanced from a third degree felony to a first degree felony due to the Petitioner's prior convictions.  On April 28, 2006, the Twelfth Court of Appeals affirmed the conviction. *Chevalier v. State*, No. 12-04-00317-CR, 2006 WL 1119268 (Tex. App. - Tyler 2006).  The Texas Court of Criminal Appeals refused his petition for discretionary review on July 26, 2006.

The Petitioner filed his first application for a writ of habeas corpus in state court on February 1, 2005.  On May 25, 2005, the Texas Court of Criminal Appeals dismissed the application since the direct appeal was pending.  The Petitioner filed a second application for a writ of habeas corpus in state court on September 5, 2006.  He presented the following two grounds for relief:

1.      Applicant's right to a fair trial by an impartial jury was violated.

2.      Applicant was denied his right to effective assistance of counsel with the advancement of his defense at trial.  The ground for relief concerned counsel's representation during the jury selection process.

The state trial court entered findings of fact and conclusions of law on October 9, 2006.  The Texas Court of Criminal Appeals denied the application without written order on November 1, 2006.  The Petitioner filed a third application for a writ of habeas corpus on March 3, 2007.  The state trial court entered findings of fact and conclusions of law on August 1, 2007.  The court found that the application was a subsequent application under Tex. Code Crim. Pro. art. 11.07(4) and that the Petitioner had not shown that his application satisfies the requirements for having a subsequent application considered, thus the application could not be considered on the merits or granted.  On September 12, 2007, the Texas Court of Criminal Appeals dismissed the application as a subsequent application pursuant to Tex. Code Crim. Pro. art. 11.07, § 4(a)-(c).

The present petition was filed on November 19, 2007.  The Petitioner presented the following grounds for relief:

1.      The State introduced insufficient evidence to prove a prior conviction used to elevate Petitioner's sentence at trial.

2.      Petitioner's trial counsel rendered ineffective assistance of counsel at his trial by allowing the State to introduce invalid documents to prove the prior conviction.

The Director filed an answer on February 28, 2008.  He argued that the Petitioner failed to exhaust his state court remedies with respect to his claims and that such claims were procedurally defaulted.

<u>Discussion and Analysis</u>

State prisoners must exhaust all remedies available in state court before proceeding in federal court unless there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b).  In order to exhaust properly, a state prisoner must "fairly present" all of his claims to the state court.  *Picard v. Connor*, 404 U.S. 270 (1981).  This means that a petitioner must have informed the state court system of the same facts and legal theories upon which he bases his assertions in his federal habeas petition.  *Id.* at 276-77;  *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988).  In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals.  *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985);  *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993).  The only grounds for relief that were presented to and ruled on by the Texas Court of Criminal Appeals were those that were presented in the second application for a writ of habeas corpus.  The Petitioner did not present the grounds for relief in the instant petition in the second application for a writ of habeas. The Director correctly argued that the Petitioner has not exhausted his grounds for relief.

Under the procedural default doctrine, federal courts are precluded from granting habeas relief where the last state court to consider the claims raised by the petitioner expressly and unambiguously based its denial of relief on an independent and adequate state law procedural ground.  *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991);  *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).  The Fifth Circuit has ruled that the Texas courts' application of the abuse of writ doctrine, codified in Tex. Code. Crim. Pro. art. 11.07, § 4, is an adequate, independent state ground barring federal habeas review.  *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).  The

procedural bar may be overcome by demonstrating either cause and prejudice for the default or that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Id.* Historically, federal courts in Texas have dismissed petitions in their entirety that included unexhausted claims in addition to claims that had been exhausted. *Galtieri v. Wainwright*, 582 F.2d 348, 355 (5th Cir. 1978) (*en banc*). However, in light of *Fearance*, such unexhausted claims are now dismissed as procedurally defaulted unless a petitioner demonstrates cause and prejudice or that a fundamental miscarriage of justice would result from a court's refusal to consider a claim.

The Petitioner acknowledged that he did not exhaust his claims. He correctly noted that the Fifth Circuit in *Haley v. Cockrell*, 306 F.3d 257 (5th Cir. 2002), extended the fundamental miscarriage of justice exception, which means actual innocence, to noncapital sentencing procedures. The Director correctly noted, however, that the Supreme Court reversed the Fifth Circuit and held that the exception should not have been extended to noncapital cases. *Dretke v. Haley*, 541 U.S. 386, 388 (2004). The Petitioner has not shown that one of the exceptions apply, thus the petition is procedurally barred.

The Director went on to correctly argue that the Petitioner's grounds for relief lack merit. The Petitioner argued that a prior DWI conviction, Cause No. MA 85-36884-A, one of two prior DWI convictions used to support a felony DWI conviction in this case, was not proved. He further argued that his attorney was ineffective in acquiescing to the admission of the State's profferred evidence concerning the prior DWI. More specifically, Edna Douglas, an employee of the Texas Board of Pardons and Paroles, testified that she did not have anything in her records about the offense. The Director correctly noted that the proof of the prior conviction was not offered through Douglas. Instead, Jeff Callaway, a police officer with the city of Tyler, testified that he was a crime scene investigator trained to identify and compare fingerprint evidence. Callaway testified that he compared the Petitioner's fingerprints, which he personally took, with those with the judgment in Cause No. MA-85-36884, and determined that the Petitioner's fingerprints matched those contained with the judgment in Cause No. MA-85-36884. The State's evidence was sufficient for a rational

trier of fact to find that the Petitioner had been convicted of DWI in Cause No. MA-85-36884 beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 320 (1979). Furthermore, counsel was not ineffective for failing to make a futile objection. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). The petition for a writ of habeas corpus lacks merit.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the Petitioner has not yet filed a notice of appeal, this Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, the Petitioner is not entitled to a certificate of appealability as to his claims. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice.  It is further

**ORDERED** that a certificate of appealability is **DENIED**.  It is finally

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 9th day of April, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE